IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                      RESPONDENT

vs.                          Criminal No. 6:16-cr-60040
                              Civil No. 6:18-cv-6046

MICHAEL SHANE GOLDEN                                       MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Movant MICHAEL SHANE GOLDEN ("GOLDEN"), who is proceeding *pro se,* filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence on May 14, 2018. ECF No. 43. The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion and the record in this case. Based upon that review, the Court recommends this Motion be **DENIED** as premature.

1.      **Procedural Background**:

On January 13, 2017, GOLDEN entered a plea of guilty to a charge of violation of 18 U.S.C. § 922(g)(1), felon in possession of a firearm. ECF Nos. 18,19. On September 12, 2017, GOLDEN was sentenced to sixty-six (66) months imprisonment. ECF No. 29. On September 21, 2017, he filed a Motion to Amend or Correct Judgment, requesting the Judgment be amended to:

> reduce his federal sentence for the time period from February, 2017 to the date the amended Judgment is entered, and to run his federal sentence concurrently, beginning on the date the amended Judgment is entered, with the parole revocation sentence for the Arkansas case in Paragraph 76 of the final PSR . . .

ECF No. 31. The next day, on September 22, 2017, he filed a Notice of Appeal. ECF Nos. 32, 35. On January 18, 2018, the United States Court of Appeals for the Eighth Circuit entered its order holding the appeal in abeyance for a "limited remand" for the purpose of allowing the District Court

to rule on the Motion to Amend. ECF No. 41. The Motion to Amend was denied on January 23, 2018. ECF No. 42.

GOLDEN's appointed Counsel, then filed an *Anders* brief with the Eighth Circuit and moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). GOLDEN was granted permission to file a *pro se* supplemental brief raising any additional issues he wishes the court to consider. He did so on March 13, 2018. The remainder of the Eighth Circuit briefing schedule has been held in abeyance pending that Court's review of the *Anders* brief pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988). *See United States v. Golden*, No. 17-3081 (8th Cir.). This appeal is pending.

**2.** **Instant Motion:**

In the instant Motion GOLDEN GOLDEN makes three claims for relief:

a. *Sessions v. Dimaya*, ___U.S. ___, 138 S.Ct. 1204 (2018) holds the "residual clause is a standard to determine length of sentence as well as severity of a crime."

b. His trial counsel promised him a sentence of fifty-seven (57) months and he was actually sentenced to sixty-six (66) months imprisonment.

c. His trial counsel assured him the trial Judge would "award me my time credit as sentencing."

ECF No. 43, p. 4.

**3.** **Discussion:**

"Ordinarily resort cannot be had to 28 U.S.C.A. § 2255 or *habeas corpus* while an appeal from conviction is pending." *Masters v. Eide*, 353 F.2d 517, 518 (8th Cir.1965). A motion attacking a Federal criminal sentence pursuant to 28 U.S.C. § 2255 is premature when filed during the pendency of the direct appeal of that same criminal sentence. *See United States v. Jagim*, 978 F.2d 1032, 1042 (8th Cir.1992), *cert. denied sub nom*; *Ziebarth v. United States*, 508 U.S. 952, (1993).

In *Jagim* the Eighth Circuit specifically held:

> We have taken with the direct criminal appeals Ziebarth's appeal from the District Court's dismissal without prejudice of his *pro se* 28 U.S.C. § 2255 (1988) motion to vacate, set aside, or correct sentence. Because Ziebarth filed this motion while his direct appeal was pending before this Court, the District Court properly dismissed the section 2255 motion as prematurely filed. *See Masters v. Eide*, 353 F.2d 517, 518 (8th Cir.1965) (*per curiam*). The dismissal without prejudice is affirmed. To the extent any of Ziebarth's section 2255 issues have not been resolved by this opinion, they now may be raised in a section 2255 motion in the District Court.

978 F.2d at 1042. This is still the rule in the Eighth Circuit. *See, Blade v. United States*, 266 Fed. Appx. 499, at * 1 (8th Cir. 2008)("While his direct appeal was pending, Blade filed a 28 U.S.C. § 2255 motion, which he sought to amend several times, and which was dismissed by the district court as being prematurely filed. This court summarily affirmed the dismissal but amended the dismissal to be without prejudice.").

Because GOLDEN has a direct appeal currently pending before the Eighth Circuit, the Court finds his section 2255 motion to be premature.

**4.**  **Conclusion**:

GOLDEN's Motion should be denied without prejudice. To the extent any of his 2255 issues are not resolved on direct appeal, he may raise those in a properly filed section 2255 motion in this Court at the conclusion of that direct appeal.

**6.**  **Recommendation**:

Accordingly, based on the foregoing, the Court recommends:

a. The instant Motion (ECF No. 43) be **DENIED** as premature and dismissed without prejudice.[1]

---

[1] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984)*.

    b. An appeal from the denial of this motion should not be taken *in forma pauperis* because such an appeal would be frivolous and cannot be taken in good faith.

    c. Based upon the entire record before the Court, dismissal of the motion is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, the Court recommends a certificate of appealability should not be issued by this Court. If GOLDEN desires further review of this Motion, he may request issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals.

    **The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

    **DATED** this **16th day of May 2018.**

     /s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE