IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                RESPONDENT

v.                              No. 6:16-cr-60040
                                No. 6:18-cv-6046

MICHAEL SHANE GOLDEN                                       MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 filed *pro se* by Michael Shane Golden ("Golden"), an inmate confined at the Texarkana Federal Correctional Institution in Texarkana, Texas.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 53. The Court has considered the entire record, and this matter is ready for decision. For the reasons stated below, the Court recommends the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 48) be **DENIED**.

**1.**      **Background:**[1]

On October 5, 2016, Golden was indicted on four counts by the grand jury in the Western District of Arkansas. ECF No. 1. Counts One, Two, and Three charged Golden with knowingly and intentionally distributing a controlled substance, namely, a mixture or substance that contained methamphetamine. Count Four charged Golden with being a felon in possession of a firearm. *Id.*

---

[1] The procedural background is taken from the Motion and Response filed in this matter as well as the Court's docket in this matter.

On October 24, 2016, Golden was arraigned before the undersigned. ECF No. 12. The Court appointed Federal Public Defender, Bruce Eddy, to represent Golden. *Id.* Golden entered a not guilty plea, waived the issue of detention, and was remanded to the custody of the U.S. Marshals Service.

On January 13, 2017, Golden appeared with counsel Bruce Eddy and entered a plea of guilty to Count 4 of the Indictment. ECF No. 18. On the same day, Golden and the Government submitted a Plea Agreement to the Court. ECF No. 19. Golden, and his counsel, signed the Plea Agreement where in exchange for the Government's concessions in the Plea Agreement, Golden waived any right to appeal or to collaterally attack his conviction and sentence, except for claims based on ineffective assistance of counsel or prosecutorial misconduct. *Id.* Further, Golden made the following representations in the Plea Agreement:

> "By signing this plea agreement, the defendant acknowledges that: a. The defendant has read this agreement and carefully reviewed every part of it with defense counsel. b. The defendant fully understands this plea agreement and is not under the influence of anything that could impede the defendant's ability to fully understand this plea agreement. c. No promises, agreements, understandings, or conditions have been made or entered into in connection with the decision to plead guilty except those set forth in this plea agreement. d. The defendant is satisfied with the legal services provided by defense counsel in connection with this plea agreement and matters related to it. e. The defendant has entered into this plea agreement freely, voluntarily, and without reservation and the defendant's desire to enter a plea of guilty is not the result of threats or coercion directed at the defendant or anyone connected with the defendant." *Id.*

United States District Judge Susan O. Hickey accepted his plea of guilty and directed the United States Probation Office to prepare a Pre-Sentence Report (PSR) pursuant to the United States Sentencing Guidelines (USSG). ECF No. 18.

On May 22, 2017, the Probation Office filed Golden's final PSR. ECF No. 25. The PSR


assessed a base offense level of 20 for Count Four pursuant to USSG § 2K2.1(a)(4)(A) as Golden had previously been convicted for a felony controlled substance offense. ECF No. 25, ¶ 28. Because Golden possessed a firearm in connection with another felony offense, his base offense level was increased by four. ECF No. 25, ¶ 29. After receiving a 3-point reduction for acceptance of responsibility, Golden's offense level was found to be 21. ECF No. 25, ¶ 35-37. Golden had a criminal history score of 7, but because he was on parole while he committed the instant offense, 2-points were added to his criminal history score, which placed him in category IV. ECF No. 25, ¶ 77-79. Golden faced a statutory maximum term of 10 years and his resulting USSG advisory guideline was 57 months to 71 months. ECF No. 25, ¶ 113-114.

On September 7, 2017, Golden appeared before Judge Hickey for sentencing. ECF No. 28. At sentencing, Judge Hickey sentenced Golden to 66 months in the Bureau of Prisons with credit for time served in federal custody, three years of supervised release, and a special assessment of $100.00. *Id.*

Golden filed a timely notice of appeal on September 22, 2017. ECF No. 32. On appeal, Golden challenged his sentence and claimed ineffective assistance of counsel. *See United States v. Golden*, 731 Fed.Appx. 568 (8th Cir.2018). The Eighth Circuit concluded he waived the right to challenge the substantive and procedural reasonableness of his sentence and declined to consider his ineffective assistance of counsel claim. *Id.* at 569.

On May 14, 2018, while his appeal was pending, Golden filed a motion to vacate under 28 U.S.C. § 2255. ECF No. 43. The Court denied Golden's motion as being premature and dismissed the motion without prejudice. ECF No. 46. On August 27, 2018, after his appeal had been dismissed, Golden filed the current § 2255 motion. ECF No. 48.

**2.      Instant Motion**:

In this Motion, Golden raises three issues:

    A.    Ineffective assistance of counsel because his trial counsel lead him to believe he would receive a 57 month sentence;

    B.    Ineffective assistance of counsel because his trial counsel assured him he would receive credit for time served; and

    C.    His sentence is invalid because *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) ruled the "residual clause" unconstitutional.

ECF No. 48. This matter is now ready for decision.

**3.      Discussion**:

Golden requests relief under 28 U.S.C. § 2255. ECF No. 48. A § 2255 motion is fundamentally different from a direct appeal. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). As noted, Golden requests relief based upon the arguments listed above. The Government has responded to each of these claims. ECF No. 53.[2] The Court will address each of these specific claims from the Motion.

    **A. Ineffective Assistance of Counsel**:

As an initial matter and in considering these arguments, the Court notes in order to prevail

---

[2] The Government claims Golden waived his right to collaterally attack his conviction or sentence in the written Plea Agreement. A review of the Plea Agreement (ECF No. 19, ¶ 9) however, shows Golden specifically reserved the right to allege ineffective assistance of counsel by collateral attack. Two of the three claims raised here are of ineffective assistance of counsel and thus are not subject to the waiver. The third claim, based on *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018), arose after Golden was sentenced and the Court should decline to apply waiver to this claim. As stated below, the *Dimaya* claim is without merit in any event.

on an ineffective assistance of counsel claim, a movant must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence", and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (*quoting Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)).  When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (*quoting Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (*citing Strickland v. Washington*, 466 U.S. 668, 689 (1984)).  "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(*citing United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first prong of the *Strickland* test, the Court considers counsel's performance objectively and gauges whether it was reasonable "under prevailing professional norms" and "considering all the circumstances." *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000)(citations omitted).  The Court should examine counsel's challenged conduct at the time of his representation of the defendant and avoid making judgments based on hindsight. *See id.*  There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt. . . ." *White,* 314 F.3d at 678.  If, however, "counsel completely fails to subject the prosecution's case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]."  *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would

have been different." *Strickland*, 466 U.S. at 694. Prejudice can only be found if, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

### i. Claim Trial Counsel promised a 57 month sentence:

Golden claims his trial counsel was ineffective because his counsel led him to believe he would only receive a 57-month sentence. ECF No. 48, p. 5. In response, the Government disputes this claim and argues Golden has presented no basis for relief. ECF No. 53, p. 14-17.

In this matter, Golden signed a Plea Agreement. ECF No. 19. In the Plea Agreement, Golden acknowledged he had discussed the facts of the case and the elements of the crime to which he was pleading guilty, acknowledged he had committed each of the elements of the crimes, and there was a factual basis for his guilty plea. *Id*. at ¶ 2. Golden was specifically advised he faced a maximum term of 10 years imprisonment. *Id.* at ¶ 10. Furthermore, he acknowledged discussions had taken place concerning possible USSG punishment range applicable to his case and that these discussions were merely attempts to guess at what appeared to be his correct guideline range, which would not bind the Court. *Id.* at ¶ 14.

Additionally, Golden acknowledged he read the Plea Agreement and carefully reviewed every part of it with his defense counsel; fully understood the Plea Agreement and was not under the influence of anything that could impede his ability to fully understand the Plea Agreement; no promises, agreements understandings, or conditions had been made or entered into in connection with his decision to plead guilty except those set forth the in the Plea Agreement; was satisfied with the legal services provided by defense counsel; and he entered into the agreement freely, voluntarily,

and without reservation and his desire to plead guilty was not the result of threats or coercion at him or anyone connected with him.  ECF No. 19, ¶ 25.

In this matter, Golden was informed regarding the possible penalties he was facing.  Prior to entering his guilty plea, an Amended Calendar was filed, which informed Golden of the penalties he faced based on the counts charged in the Indictment.  ECF No. 7.  Further, the Plea Agreement contained the mandatory maximum penalties he faced.  ECF No. 19, ¶ 10.  Additionally, Golden acknowledged he was not promised a specific sentence, and no promises, agreements, understandings, or conditions had been made or entered into in connection with his decision to plead guilty.  ECF No. 19,¶ 14 and ¶ 25.

Golden has failed to present any specific facts to support his claim that defense counsel advised him, that by pleading guilty, he would only receive a 57-month sentence, and this claim is directly contradicted by his signed Plea Agreement.  Even if the Court assumes Golden's claim is true, then his trial counsel gave him an extremely accurate assessment of what his sentence would be.  The USSG recommended sentence was 57 months to 71 months incarceration, and the Court adopted and considered this recommendation.   Trial counsel was almost exactly right as to what Golden could expect his sentence to be.  This falls far short of even alleging his trial counsel's performance was unreasonable "under prevailing professional norms" and "considering all the circumstances."

Furthermore, as outlined above, in order to be entitled to relief, Golden must also demonstrate he was prejudiced by any alleged deficiency.  Certainly, Golden has made no showing of prejudice or that his sentence would have been lower at trial had he not entered into this Plea Agreement.  Inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed

of the maximum possible sentence permitted by statute and the court's ability to sentence within that range. *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir.2009).

This claim should be denied.

### ii. Claim Trial Counsel promised him credit for time served:

Golden also alleges counsel was ineffective by advising him the trial judge would allow him his 11 months credit for time served. ECF No. 48, p. 6. In response, the Government disputes this claim and argues Golden has presented no basis for relief. ECF No. 53, p. 17-22.

To begin with, according to the Judgment filed in this case, Golden was sentenced to 66 months with credit for time served in federal custody. ECF No. 29. He was specifically given credit for any time he served in federal custody. Golden's claim is a simply a conclusory, unsupported allegation contradicted by the evidence in the record and should be dismissed. *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir.1994).

Alternatively, if Golden is alleging the Bureau of Prisons ("BOP") has not given him credit for time served; then the Court would be without jurisdiction to hear Golden's claim because he is not challenging the sentence imposed by this Court, but rather the manner in which the BOP has computed the sentence.

The BOP, has the responsibility for administering the federal sentence. *See* 18 U.S.C. § 3621; *United States v. Wilson,* 503 U.S. 329, 335 (1992). It is the BOP, not the Court, that is responsible for computing a sentence credit under 18 U.S.C. § 3585(b). *See United States v. Tindale*, 455 F.3d 885, 888 (8th Cir. 2006); *United States v. Pardue,* 363 F.3d 695, 699 (8th Cir.2004) (determination of credit for time served is properly left to the Bureau of Prisons). Any challenge to the BOP calculation must be brought in the form of a *habeas corpus* petition, but only

after exhausting his administrative remedies with the BOP. *See Tindall*, 455 F.3d at 888.[3]

This Claim should be denied.

### B. Claim based on *Sessions v. Dimaya*:

Golden also contends his sentence is invalid because *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018) ruled the residual clause is unconstitutional. ECF No. 48, p. 4. However, the Motion should be denied as *Dimaya* offers Golden no relief based on the facts of his case.

In *Sessions v. Dimaya*, 138 S.Ct. 1204, (2018) the Supreme Court held the "residual clause" of 18 U.S.C. § 16(b) was unconstitutionally vague as it applied to an "aggravated felony" under the Immigration and Nationality Act. Specifically, *Dimaya* held that § 16(b) as it related to "a crime of violence" was unconstitutionally vague.

By its very terms, *Dimaya* is not applicable to the facts of Golden's case. Here Golden was not sentenced as a career offender for crimes of violence. Golden was sentenced under the Guideline applicable to firearm offenses, USSG § 2K2.1. Pursuant to § 2K2.1(a)(4)(A) a defendant's base offense level shall be 20 if "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense." The term "'[c]rime of violence' has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2." USSG 2K2.1 cmt. n.1. Further, § 4B1.2(a) defines "crime of violence" as a felony under federal or state law that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm

---

[3] A § 2241 petition must be filed in the District where the defendant is imprisoned or where a regional BOP office is located. *See Matheny v. Morrison*, 307 F.3d 709, 711 (8th Cir.2002).

    described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

Previously, subsection 2 contained the clause, "or otherwise involves conduct that presents a serious potential risk of physical injury to another" which was known as the "residual clause." The Sentencing Commission amended USSG § 4B1.2 effective August 1, 2016, to remove the residual clause from § 4B1.2(a)(2). In this case Golden was sentenced on September 7, 2017, therefore his sentence was not impacted by the residual clause. Further, his base offense level, pursuant to § 2K2.1(a)(4)(A), was based on a previous conviction for a controlled substance offense rather than a crime of violence. ECF No. 25, ¶¶ 28 and 76.

Finally, the *Dimaya* decision did not disturb the Court's prior holding in *Beckles v. United States*, 137 S. Ct. 886 (2017), wherein the USSG were found not subject to the same void for vagueness challenge. Specifically the Supreme Court held "the advisory Sentencing Guidelines are not subject to a due process vagueness challenge ...." *Id*. Accordingly, *Dimaya* is inapplicable for this reason as well.

This Claim should be denied.

**4.** **Evidentiary Hearing**:

Based on the record in this case, I also conclude an evidentiary hearing is not required in this matter. Golden is clearly not entitled to the relief he seeks.[4] Further, I find Golden has not made a substantial showing of the denial of a constitutional right, and any request for a certificate of appealability should be denied as well.

---

[4] *See Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir.2006) (holding that a § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

**5.     Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant motion (ECF No. 48) be **DENIED** and dismissed with prejudice.  Pursuant to 28 U.S.C. § 1915(a), I recommend the finding that an appeal from dismissal would not be taken in good faith.

**The Parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

     **DATED** this **2nd day of August 2019.**

                                                            /s/ *Barry A. Bryant*
                                                            HON. BARRY A. BRYANT
                                                            UNITED STATES MAGISTRATE JUDGE