IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                PLAINTIFF

v.                  Case No. 6:16-cr-60040

MICHAEL SHANE GOLDEN                                       DEFENDANT

## **ORDER**

Before the Court is Defendant Michael Shane Golden's Motion for Time Credit Served in Federal Custody. (ECF No. 54). The Court finds that no response is necessary and that this matter is ripe for consideration.

On September 7, 2017, the Court sentenced Defendant to 66 months' imprisonment after he pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). On July 11, 2019, Defendant filed the instant motion, asking the Court to correct the calculation for his time served in federal custody so that his sentence began running on October 21, 2016, rather than September 7, 2017.

The Court is unable to grant Defendant's requested relief. The BOP is the entity that determines when a federal sentence commences and whether a defendant should receive credit for time spent in custody. *See United States v. Iversen*, 90 F.3d 1340, 1344-45 (8th Cir. 1996). Administrative procedures exist within the BOP to review an alleged failure to credit the time a defendant has served. *See Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). Once these administrative remedies are exhausted, prisoners may then seek judicial review of any jail-time credit determination by filing a habeas petition under 28 U.S.C. § 2241. *Id.*; *United States v. Tinsdale*, 455 F.3d 885, 888 (8th Cir. 2006). A section 2241 petition challenging the BOP's execution of a sentence must be filed "in either the district where [the petitioner] is confined, in

the United States District Court for the District of Columbia, or any district in which the BOP maintains a regional office." *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000).

Defendant has not shown that, prior to filing the instant motion, he sought administrative review within the BOP regarding the computation of his jail credit and, thus, exhausted his administrative remedies. Therefore, Defendant cannot request judicial review related to his jail time credit.

Even giving Defendant the benefit of the doubt that he did indeed exhaust his administrative remedies, the Western District of Arkansas is the incorrect venue to make this request. The envelope in which Defendant mailed his motion indicates that he is currently incarcerated in FCI Texarkana, in Texarkana, Texas. Moreover, the BOP does not maintain a regional office within the Western District of Arkansas.[1] Therefore, the Western District of Arkansas, Hot Springs Division, is not the district in which Defendant is confined, a district where a regional BOP office is located, or the United States District Court for the District of Columbia. Accordingly, the Court cannot grant the relief Defendant seeks.

For the above-stated reasons, the Court finds that Defendant's motion (ECF No. 54) should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 27th day of August, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[1] The BOP maintains six regional offices, located in Philadelphia, Pennsylvania; Annapolis Junction, Maryland; Kansas City, Kansas; Atlanta, Georgia; Grand Prairie, Texas; and Stockton, California. *See* Federal Bureau of Prisons, *Offices*, https://www.bop.gov/about/facilities/offices.jsp (last accessed August 21, 2019).